STEVEN C. BABCOCK
Assistant Federal Defender
Federal Defenders of Montana
Billings Branch Office
P.O. Box 1778
Billings, Montana 59103-1778
Phone: (406) 259-2459
Fax: (406) 259-2569

Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## BILLINGS DIVISION

| UNITED STATES OF AMERICA, | Case No. CR-10-47-BLG-JDS |
|---|---|
| Plaintiff, | |
| vs. | MEMORANDUM |
| LOVE THOMAS COOPER, | |
| Defendant. | |

COMES NOW the FEDERAL DEFENDERS OF MONTANA and STEVEN
C. BABCOCK, Assistant Federal Defender, submits this memorandum regarding the
Defendant's believed request to represent himself.  This pleading is filed without the
authorization of the Defendant.

**Introduction**

On May 21, 2010, the Defendant appeared for arraignment before Magistrate Judge Carolyn Ostby. The Defendant did not complete a financial affidavit and the undersigned was under the belief that the Defendant wanted to represent himself. The undersigned informed Magistrate Ostby that the Defendant was appearing pro se. The Defendant did not enter a plea to the Indictment however, Magistrate Ostby entered a not guilty plea to Count I and a Not True plea to the Forfeiture Count on the Defendant's behalf. The Defendant made various objections and specifically objected to the Magistrate Judge entering a not guilty plea on his behalf.

This Court entered a Scheduling Order setting a Pro Se Status hearing for June 2, 2010, and ordering an attorney from the Federal Defenders of Montana to be present. At that hearing the Court ordered the undersigned to remain appointed as the Defendant's counsel but the hearing was continued for thirty days so that the Defendant could retain counsel. To the undersigned's knowledge no Order Appointing was ever filed. On July 6, 2010, this Court conducted another hearing pursuant to *Faretta v. California*, 422 U.S. 806 (1975). This issue of counsel was not resolved at the hearing and the Court indicated that a motions hearing will be set at a later date.

The major problem that now exists is that the issue of counsel has not been resolved and the Defendant has a trial date scheduled in the very near future on July

12, 2010.  The undersigned is not prepared for trial and is under the belief that the Defendant is not prepared for trial.  The Defendant does not want the undersigned as counsel as he expressed at the hearing held on July 6, 2010.  After meeting with the Defendant at the Yellowstone County Detention facility, the undersigned was informed by the Defendant that he objects to a continuance of his trial.  Additionally, the personal representative of the Defendant via a phone call has informed the undersigned the Defendant will not authorize a Motion for a Continuance to be filed.  Therefore, it is the belief of the undersigned that a Motion to Continue can not be filed.

At the current stage, the undersigned is stuck between a rock and a hard place. Obviously, there is ethical obligations to the Court and to the Defendant.   The Defendant does not want Court appointed counsel.  He has many legal arguments that he believes must be addressed by the Court.  Whether these common law, statutory and constitutional questions are baseless is irrelevant in the context of a determination of his right to self-representation.  As stated in open court the undersigned will not file the requested motions by the Defendant.  Simply put this is not the typical attorney/client relationship and it never will be.

A criminal defendant may not be tried unless he is competent.  *Pate v. Robinson*, 383 U.S. 375, 378, 86 S.Ct. 836, 838 (1966), and he may not waive his right to counsel unless he does so "competently and intelligently," *Johnson v. Zerbst*,

304 U.S. 458, 468, 58 S.Ct. 1019, 1025, 82 L.Ed. 1461 (1938); accord, *Godinez v. Moran*, 509 U.S. 389, 396, 113 S.Ct 2680, 2685 (1993).  These two concepts are different.  The Supreme Court firmly declares that no special level of mental acuity is required to waive the assistance of an attorney.  As the Supreme Court held in *Godinez*:

> Nor do we think a defendant who waives his right to the assistance of counsel must be more competent than a defendant who does not, since there is no reason to believe that the decision to waive counsel requires an appreciably higher level of mental functioning than the decision to waive other constitutional rights.  Respondent suggests that a higher competency standard is necessary because a defendant who represents himself " 'must have greater powers of comprehension, judgment, and reason than would be necessary to stand trial with the aid of an attorney.' " . . . .  But this argument has a flawed premise;  the competence that is required of a defendant seeking to waive his right to counsel is the competence to waive the right, not the competence to represent himself.

*Godinez*, 509 U.S. at 399, 113 S.Ct at 2686.  (Citations omitted).

Moreover, an accused who wishes to act as his own counsel does not need a special understanding of the law or legal proceedings to venture into the courtroom unrepresented.  The nation's high court also said in *Godinez*:

> Technical legal knowledge is not relevant to the determination whether he is competent to waive his right to counsel and . . . although the defendant may conduct his own defense ultimately to his own detriment, his choice must be honored.  . . .  Thus, while it is undeniable that in most criminal prosecutions defendants could better defend with counsel's guidance than by their own unskilled efforts, a criminal defendant's ability to

> represent himself has no bearing upon his competence to choose
> self representation.

*Godinez*, 509 U.S. at 399, 113 S.Ct at 2686, citing *Faretta v. California*, 422 U.S. 806, 834-36, 95 S.Ct. 2525, 2541 (1975) (citations and internal quotations omitted). The Supreme Court has clarified in *Indiana v. Edwards*, 554 U.S. 164. 128 S. Ct. 2379, 2388 (2008) that a trial court may insist on representation for a defendant that is competent to stand trial but who is suffering from severe mental illness to the point where he is not competent to perform the more arduous task of representing himself. The undersigned believes that the Defendant is fully competent to stand trial and in no way is asserting that the Defendant is suffering from a mental disease or defect. However, the undersigned is not a trained mental heath doctor.

Indeed, only in *Faretta v. California* has the Supreme Court ever inferred from the Sixth Amendment a right that fairly may be termed the "opposite" of an explicit constitutional guarantee.   In *Faretta*, the Court found that not only did the Amendment secure the assistance of counsel to the defendant in a criminal prosecution, but, by inference, it also granted him the right to self-representation.  In so ruling, the high court stressed that the existence of a right to self-representation arises from the structure of the Sixth Amendment and English and colonial jurisprudence.  *Faretta*, 422 U.S., at 818, 95 S.Ct., at 2532.

In *United States v. Keen*, 96 F.3d 425 (9th Cir. 1996) the defendant claimed a giant iguana made him commit several bank robberies.  He decided to represent

himself because he was communicating with God and that the government was the Antichrist. During trial, Mr. Keen became somewhat disruptive, and so was placed in a separate room, and the federal defender subsequently represented him. His defense was precluded and he was convicted. The circuit court ruled that if a defendant seeks to represent himself and the trial court fails to explain the consequences of such a decision to him, the government is not entitled to an affirmance of the conviction it obtains. To the contrary, the defendant is entitled to a reversal and an opportunity to make an informed and knowing choice. The government bears the burden of showing that a defendant's waiver of counsel was knowing and intelligent. Furthermore, the focus must be on what the defendant comprehended, rather than on what the court said or understood. In this regard, it is the state of mind of the <u>defendant</u> at the time he opted for self-representation which is crucial.

Frankly, *Keen* does not change the law of *Faretta* nor modify the requirements of a waiver hearing. Rather the circuit court reiterates the basic principles of *Faretta*, while seeking to assure that question of mental competence be separate from the competence required to effect a proper waiver of the constitutional right to counsel. The defendant must be aware of (1) the nature of the charges against him; (2) the possible penalties; and (3) the dangers and disadvantages of self representation. The "preferred procedure" by which a court informs a defendant of the three elements of

self-representation is through a discussion in open court. *United States v. Balough*, 820 F.2d 1485, 1487 (9th Cir. 1987). *Balough* (cited by the *Keen* court) sets forth the facts that the district court must establish on the record before it may accept a waiver. See *Balough*, 820 F.2d at 1487-89.

"[A] court is [not] required to make a competency determination in every case in which a defendant seeks . . . to waive his right to counsel. As in any criminal case, a competency determination is necessary only when a court has reason to doubt the defendant's competence." *Godinez*, 509 U.S. at 401, 113 S.Ct at 2688, n. 13, citing *Drope v. Missouri*, 420 U.S. 162, 180-181, 95 S.Ct. 896, 908 (1975) and *Pate v. Robinson*, 383 U.S. 375, 385, 86 S.Ct. 836, 842 (1966). It is not necessary, as the Ninth Circuit believed prior to *Godinez*, that the trial court conduct an individualized functional inquiry into the defendant's mental state focused on the rights sought to be exercised or waived and an assessment of the factual and legal context of the waiver.

It is settled in this circuit that the demand to proceed *pro se* must be unequivocal. *Armant v. Marquez*, 772 F.2d 552, 555 (9th Cir. 1985) citing *Meeks v. Craven*, 482 F.2d 465, 467 (9th Cir. 1973). In this case the Defendant has demanded to proceed *pro per*. Pro per is an abbreviation of the Latin term *in propria persona*, which means "by one's self." In legal terms, it refers to someone who chooses to act as his own legal counsel in a lawsuit, despite not being a lawyer. This term is

synonymous with *per se*, which is usually used by federal courts.  *Pro per* is commonly used by state courts, such as in California.  The reason an unequivocal demand is required is that, otherwise, "convicted criminals would be given a ready tool with which to upset adverse verdicts after trials at which they had been represented by counsel." *Meeks*, 482 F.2d at 467 (citations omitted).  In *Meeks*, when the trial court asked the defendant "You still want to represent yourself?" and the defendant answered "I think I will," the panel found that the demand was a "prototype of equivocation." *Id*.

Absent a knowing and voluntary waiver, the mere appointment of advisory counsel is not sufficient to meet Sixth Amendment requirements.  "[I]f an accused does not waive counsel and does not retain acceptable counsel, the court must appoint counsel." *United States v. Turnbull*, 888 F.2d 636, 638 (9th Cir. 1989), cert. denied, 498 U.S. 825, 111 S.Ct. 78 (1990), citing *United States v. Kimmel*, 672 F.2d 720, 721 (9th Cir. 1982).  Unless a defendant has or waives assistance of counsel, the Sixth Amendment is a jurisdictional bar to a valid conviction and sentence. *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019 (1938); *Stokes v. Singletary*, 952 F.2d 1567 (11th Cir. 1992); *Boruff v. United States*, 310 F.2d 918 (5th Cir. 1962).  The Court must <u>appoint</u> counsel to <u>represent</u> the Defendant.

The Defendant has stated to the Court that counsel out of the State of California will represent the Defendant when said counsel becomes admitted into the

bar. The undersigned has not had any conversations with counsel from California and it is not known when the counsel from California will be admitted or if ever.

The Ninth Circuit in a case filed only two days ago analyzed a case that is strikingly similar to the present case at bar. See *United States v. Johnson*, No. 08-10147 (9ᵗʰ Cir. July 6, 2010). In *Johnson* the district court conducted a multitude of *Faretta* hearings eventually allowing the defendants to represent themselves. Additionally, the district court in *Johnson* required the defendants to undergo psychiatric testing. The Ninth Circuit held that the district court did not err in allowing the defendants in *Johnson* to represent themselves. The glaring distinction with this case and *Johnson* is the federal defender was never actually appointed as counsel due the defendants not wanting court appointed counsel. The Defendant in this case has made it very clear that the undersigned is not wanted as counsel.

This Court needs to conduct a thorough examination of the defendant and rule on the issue of counsel. Given the Defendant's multitude of legal arguments from status (?), jurisdiction, to his requirement that all officers of the court recite their oath it is believed to be the Defendant's desire to not have the undersigned appointed to represent him but to represent himself pending the apparent notice of appearance by the counsel from California.

The undersigned seeks guidance from the Court on how to complete this with a trial date so near.

RESPECTFULLY SUBMITTED this 8th day of July, 2010.

/s/ Steven C. Babcock
STEVEN C. BABCOCK
Federal Defenders of Montana
Counsel for Defendant

## CERTIFICATE OF SERVICE
### L.R. 5.2(b)

I hereby certify that on July 8, 2010, a copy of the foregoing document was served on the following persons by the following means:

| | |
|---|---|
| __1, 2__ | CM-ECF |
| _____ | Hand Delivery |
| __3__ | Mail |
| _____ | Overnight Delivery Service |
| _____ | Fax |
| _____ | E-Mail |

1.    CLERK, UNITED STATES DISTRICT COURT

2.    BRYAN WHITTAKER
      Assistant United States Attorney
      United States Attorney's Office
      901 Front Street
      Helena, MT 59626
            Counsel for the United States.

3.    LOVE THOMAS COOPER
      YCDF
      3165 King Ave E
      Billings, MT 59101
            Defendant

/s/ Steven C. Babcock
STEVEN C. BABCOCK
Federal Defenders of Montana
      Counsel for Defendant